IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS CHARLES PRESTON,<br><br>Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:14-cv-2109-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Curtis Charles Preston, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

Petitioner states that he was convicted of aggravated rape in Cause No. F9291127 in 1983 in Criminal District Court No. 3 of Dallas County, Texas, and he received a twenty-two year sentence. *See* Dkt. No. 3 at 2. Petitioner has discharged his twenty-two year sentence for aggravated rape. *See* Dkt. No. 9-2 at 4.

Petitioner was also convicted of failure to register as a sex offender in Cause No. F-1170357-U in the 291st Judicial District Court of Dallas County, Texas, and he received a forty-two month sentence on September 14, 2011. *See* Dkt. No. 3 at 2; Dkt. No. 9-1 at 2. Petitioner previously filed a federal habeas corpus petition concerning his

arrest for failure to register as a sex offender and concerning the requirement that he register as a sex offender. *See Preston v. Valdez*, No. 3:11-cv-1150-M (N.D. Tex.). That federal case was dismissed on August 24, 2011 for failure to exhaust state remedies. *See id*.

Petitioner reports that his federal habeas petition was placed in the prison mail system on June 6, 2014. *See* Dkt. No. 3 at 10. Petitioner contends that, in May 1999, he was released on parole or mandatory supervision and that, as a condition of parole, he was required to register for life as a sex offender, in violation of his constitutional rights. *See id.* at 6-7, 11-21. Petitioner asserts that he should have been required to register for only ten years. *See* Dkt. No. 11 at 2. Petitioner states that he is not attacking the aggravated rape conviction or the conviction for failure to register as a sex offender. *See* Dkt. No. 3 at 6.

Respondent has submitted a preliminary response to Petitioner's Section 2254 petition. *See* Dkt. No. 9. Respondent argues that this case is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. *See* Dkt. No. 9. Respondent also argues that Petitioner did not exhaust his state court remedies. Because Petitioner's federal petition should be dismissed as time-barred, the Court need not address exhaustion.

Petitioner's federal petition asserts that he is not barred by the statute of limitations, because he is not challenging his convictions. *See* Dkt. No. 3 at 6. Petitioner's reply to Respondent's preliminary response reasserts that he should not be subjected to lifetime registration. *See* Dkt. No. 11. He also argues that he is

innocent, thereby overcoming the statute of limitations. *See id.* at 3-4.

**Legal Standards**

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Analysis**

Petitioner cannot challenge, in federal habeas corpus, the parole condition in the aggravated rape case that he must register for life as a sex offender. He has discharged that sentence, and he is no longer confined on that sentence or on parole for that sentence. Therefore, he is no longer in custody under that sentence. *See Maleng v. Cook*, 409 U.S. 488, 493 (1989); *accord Burr v. Thaler*, No. 4:12-cv-605-Y, 2012 WL

6777126, at *1 (N.D. Tex. Dec. 3, 2012) (collecting cases), *rec. adopted*, 2013 WL 67126 (N.D. Tex. Jan. 7, 2013).

Thus, the only custody Petitioner may challenge at this point is his custody pursuant to the forty-two month sentence for failure to register as a sex offender. Petitioner did not appeal in that state case, and the judgment became final when the time to appeal expired, which was thirty days after sentence was imposed. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Petitioner was convicted and sentenced on September 14, 2011, and the last day on which he could have appealed was October 14, 2011, making his federal petition due on October 14, 2012.

Petitioner filed a state habeas corpus application dated December 13, 2013, challenging the sex offender registration requirement, but that was filed in reference to the aggravated rape conviction and not regarding the failure to register conviction. *See* Dkt. No. 8-5 at 6 and 16. But the Section 2254(d) limitations period already expired by then, and the state writ application did not toll the limitations period, even if it could be construed as concerning the conviction for failure to register. Petitioner filed a later habeas corpus application, but it was dated March 5, 2014, so it did not toll the limitations period. *See* Dkt. No. 8-8 at 21.

Petitioner states that he placed his federal habeas petition in the prison mail system on June 6, 2014. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (prison mailbox rule applies to federal habeas petitions). But the Section 2254(d) limitations period had already expired on October 14, 2012. The federal habeas petition is

untimely.

The one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling principally applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. See *Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006). The petitioner has the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). A petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

The United States Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *See id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Petitioner argues that he is innocent because he had already registered that year as a sex offender. *See* Dkt. No. 11 at 3. Petitioner's allegation falls short of showing he is actually innocent. Petitioner also states, however, that he was convicted

for failure to provide his change of address to the proper authorities. *See* Dkt. No. 3 at 6. Petitioner contention that he already registered does not show that he was innocent of failing to provide a change of address. Petitioner has not shown he is actually innocent and has not shown any other basis for equitable tolling.

**Recommendation**

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because he is not in custody for the aggravated rape sentence, and Petitioner's application should be dismissed with prejudice because his claims regarding the sex offender registration requirement, which caused his conviction for failure to register, are barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE